IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EXPORT DEVELOPMENT CANADA, a Crown Corporation, Assignee and Subrogee of Mitten, Inc., f/k/a Mitten Vinyl, Inc., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 13-0444-CG-N ) |
| NABORHOOD BUILDING PRODUCTS, LLC, and PAUL NABORS, | ) ) ) ) |
| Defendants. | ) |

## CONSENT JUDGMENT

After considering the Joint Stipulation for Entry of Consent Judgment Against Defendant Naborhood Building Products, LLC (Doc. 31), filed by the plaintiff and defendant Naborhood Building Products, LLC, and reviewing the pleadings in this case, it is hereby **ORDERED** as follows:

1. Judgment in the amount of $520,589.57 is hereby entered in favor of the plaintiff and against defendant Naborhood Building Products, LLC, on Counts One through Six of the Complaint.

2. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly determines that there is no just reason for delay and that a final judgment against defendant Naborhood Building Products, LLC, is due to be entered in accordance with the parties' Joint Stipulation, based upon the following factors:

a. All allegations of all Counts setting forth causes of action against defendant Naborhood Building Products, LLC, have been admitted by said defendant in its Answer (Doc. 20).

b. In the Amended Report of Parties Planning Meeting (Doc. 26), defendant Naborhood Building Products, LLC, made the following Narrative Statement of its position: "Naborhood admits the allegations of the Complaint."

c. None of the claims asserted against defendant Naborhood Building Products, LLC, require factual development.

d. Defendant Naborhood Building Products, LLC, is no longer in business and will not resume business operations in the future.

e. Entry of judgment against defendant Naborhood Building Products, LLC, will finally resolve (i) all claims asserted in this case by the plaintiff against said defendant and (ii) all rights and liabilities of the plaintiff and said defendant relating to Counts One through Six of the Complaint, leaving only Count Seven, setting forth a claim based on a personal guaranty, pending against Paul L. Nabors ("Nabors"), the sole remaining defendant.

f. There does not exist any claim or counterclaim that could result in a set-off against the judgment sought by the plaintiff against defendant Naborhood Building Products, LLC.

g. Defendant Naborhood Building Products, LLC, has stipulated that it would not appeal any judgment entered against it that is consistent with the parties' Joint Stipulation, thereby avoiding piecemeal appeals.

h.  The viability of the plaintiff's claim against Nabors is dependent on the validity and enforceability of the personal guaranty made the basis of Count Seven of the Complaint, and does not hinge upon the account and contract claims against defendant Naborhood Building Products, LLC, made the basis of Counts One through Six.  Therefore, the possibility that a court might be obligated at a later date to consider or revisit the issues presented by Counts One through Six, in adjudicating the issues presented by Count Seven, is essentially nil.

i.  Nabors filed a bankruptcy petition on March 7, 2014, and his bankruptcy case, <u>In Re: Paul L. Nabors</u>, Case No. 14-00706, is presently pending in the United States Bankruptcy Court for the Southern District of Alabama, Southern Division.  In light of Nabors' bankruptcy case, the possibility of an appeal by Nabors in this action on the plaintiff's sole remaining claim is at best <u>de minimis</u>, if not essentially nil.

j.  A Rule 54(b) determination in this case furthers the interests of judicial economy and efficient judicial management, and is consistent with paragraph 12 of the Rule 16(b) Scheduling Order entered in this case (Doc. 27), which encourages the preservation of scarce judicial resources and litigation costs.

3.  Costs shall be taxed as paid.

**DONE and ORDERED** this 6th day of May, 2014.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE